UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-538-RJC

| | |
|---|---|
| YAAIR EDUARDO URESTI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW MURRAY, District Attorney, )<br>Mecklenburg County; )<br>GABRIEL MACIN, Assistant District )<br>Attorney, Mecklenburg County; )<br>REGAN A. MILLER, Judge, Mecklen- )<br>burg County; and )<br>JULIA G. MIMMS, Private Attorney, )<br>)<br>Defendants. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court upon an initial review of Plaintiff's civil rights Complaint brought pursuant to 42 U.S.C. § 1983, filed on October 25, 2011. (Doc. No. 1). Plaintiff also filed a "Statement of Facts" on November 18, 2011, which the court construes as a Motion to Amend Complaint. (Doc. No. 3). After reviewing Plaintiff's Complaint, (Doc. Nos. 1; 3), the Court concludes that it must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

Plaintiff's Complaint, (Doc. No. 1), sets forth numerous allegations against Defendants Mecklenburg County District Attorney Andrew Murray ("Murray"), Assistant District Attorney Gabriel Macin ("Macin"), Judge Regan A. Miller ("Judge Miller"), and attorney Julia G. Mimms ("Mimms") (collectively, "Defendants") for their conduct in connection with Plaintiff's state criminal proceedings. Plaintiff alleges that Mimms was assigned by Judge Miller to represent

him but she has "misrepresented" him "in a[n] unconstitutional statutory inferior court," and has conspired against him in connection with his three criminal cases. (Doc. No. 1 at 4). Plaintiff alleges that Murray and Macin are using his "identity on 1099 OID claims for the use of [his] credit" in violation of the "income tax" and other laws. (Id. at 5). Plaintiff alleges that Judge Miller is the judicial official who "falsely allege[d] that [Plaintiff] made a 'petition and Affidavit under oath requesting counsel" and "falsely allege[d] that the court made the required inquiries as to [his] indigency . . . ." (Id.). Plaintiff also alleges Defendants "willfully, negligently, [and] deliberately disregarded their oaths and the Constitution" when they discriminated against him by conspiring to "maliciously prosecute Plaintiff in an unconstitutional statutory inferior court." (Id. at 5-6). Notably, as relief, Plaintiff seeks criminal prosecution against Defendants, dismissal of his criminal charges, and immediate release from State custody. (Id at 14-15).

Plaintiff's "Statement of Facts," which the court construes as an Amended Complaint, is focused primarily on the public defender's alleged failure to make a preliminary determination of Plaintiff's entitlement to state-funded representation and to the court's alleged failure to appoint such representation. (Doc. No. 3 at 2-5). Plaintiff states that according to the Indigent Defense Services rules, "The Public Defender shall make a preliminary determination of the person's entitlement to his or her services" and "the court should have made the final determination." (Id. at 2). Plaintiff contends that "failure of the court to adhere to these Rules constitutes a violation/deprivation of [his] due process and equal protection rights." (Id. at 5).

## II  STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot,

448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Indeed, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee.

Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Frivolous complaints are those that are based on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (examining identical language of predecessor statute to § 1915A). However, the Court may not dismiss a claim as frivolous just because it would be dismissed under Rule 12(b)(6), id. at 328, or because it finds the plaintiff's factual allegations to be "unlikely." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Instead, a dismissed suit must be the kind of suit that "paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke, 490 U.S. at 327. A claim is factually frivolous if it depicts "fantastic or delusional scenarios," id. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33. The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has

3

failed to state a claim upon which relief may be granted and because Plaintiff seeks monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b).

**III.   DISCUSSION**

    A.    <u>Motion to Amend</u>

Federal Rule of Civil Procedure 15(a)(1) provides that a movant may amend his pleading "once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ." FED. R. CIV. P. 15(a)(1). Plaintiff's Complaint has not been served upon Defendants yet because the Court first conducts an initial review pursuant to 28 U.S.C. § 1915A(b)(1). Therefore, because Defendants have not yet been served process, the Court finds that Plaintiff is entitled to amend his Complaint as a matter of course. Therefore, Plaintiff's Motion to Amend Complaint, (Doc. No. 3), is GRANTED.

    B.    <u>Request to Appoint Counsel</u>

By way of his Amended Complaint, (Doc. No. 3), Plaintiff seeks appointment of counsel to assist him in pursuing this action. First, Plaintiff must file a motion for the relief he seeks; he may not assert this request in his Amended Complaint. <u>See</u> FED. R. CIV. P. 7(b). However, even if Plaintiff properly filed a motion for appointment of counsel, such motion would be denied as moot.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person [claiming in forma pauperis status] unable to afford counsel." In considering whether to request that an attorney represent Plaintiff, the Court must be cognizant that appointment of counsel in civil actions "should be allowed only in exceptional circumstances." <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975). When ruling on a motion for appointment counsel, courts

4

Case 3:11-cv-00538-RJC   Document 4   Filed 01/11/12   Page 4 of 9

consider a variety of factors, including: (1) the complexity of the factual and legal claims; (2) whether the litigant has a colorable claim; (3) whether the appointment of counsel would provide a more just and expeditious result, and (4) the nature of the litigant's efforts to retain counsel. McKoy v. Waddell, No. 7:08-CV-83-F, 2009 WL 1160299, at *2 (E.D.N.C. April 27, 2009) (citing Brown v. Ortho Diagnostic Sys., Inc., 868 F.Supp. 168 (E.D. Va. 1994); Gordon v. Leeke, 574 F.2d 1147, 1178 (4th Cir. 1978); Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir.1982)). Plaintiff has failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Therefore, if Plaintiff properly filed a motion seeking appointment of counsel, such motion would be denied as moot.

  C. Plaintiff's Claims

In his Complaint, (Doc. No. 1), Plaintiff sets forth pages of conclusory allegations against Defendants District Attorney Murray, Assistant District Attorney Macin, Judge Miller, and attorney Mimms for their conduct in connection with Plaintiff's state criminal proceedings. Such allegations lack factual support and fall far short of alleging that Defendants, individually or in conspiracy with one another, violated his rights. Therefore, Plaintiff's allegations are subject to dismissal for their failure to state a constitutional claim for relief. However, even if Plaintiff's allegations sufficiently stated a claim for relief, such claims are barred on several other grounds.

    1. Malicious Prosecution

Plaintiff alleges that Defendants maliciously prosecuted him. (Doc. No. 1 at 6). Under North Carolina law, "a plaintiff must prove four essential elements to establish a malicious prosecution claim: (1) that defendant initiated the earlier proceeding, (2) that he did so maliciously and (3) without probable cause, and (4) that the earlier proceeding terminated in

5

plaintiff's favor." Cloaninger ex rel. Cloaninger v. McDevitt, 555 F.3d 324, 335-36 (4th Cir. 2009). Plaintiff has not alleged that the earlier proceeding terminated in his favor. Therefore, Plaintiff's malicious prosecution claim must be DISMISSED.

        2.        Claims Against Murray and Macin

Plaintiff's claim that Murray and Macin engaged in a malicious prosecution against him is barred by the Eleventh Amendment and absolute immunity. See Nivens v. Gilchrist, 444 F.3d 237, 248 (4th Cir. 2006) (claims against District Attorney in his official capacity are barred by the Eleventh Amendment and in his individual capacity by the doctrine of prosecutorial immunity). Murray and Macin are state officials. See Nivens, 444 F.3d at 249 (North Carolina's treasury would be affected by any money judgment against a prosecutor in his "official" capacity[1]). Plaintiff's claim for monetary damages against Murray and Macin in their official capacities is, in effect, against the state, which employs Murray and Macin. See Id., 444 F.3d at 250; see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (noting that the government entity is "the real party in interest" in an official capacity suit). Suits for monetary damages against the state are barred by the Eleventh Amendment. Puckett v. Carter, 454 F.Supp.2d 448, 452 (M.D.N.C. 2006). Therefore, Plaintiff's claims against Murray and Macin in their official capacities must be dismissed.

In their individual capacities, Murray and Macin are entitled to absolute prosecutorial immunity. "[P]rosecutors enjoy absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties." Puckett v. Carter, 454 F.Supp.2d at 452 (citing Imbler v. Pachtman, 424 U.S. 409 (1976)). Plaintiff does not argue that Murray and

---

[1] North Carolina must pay "a final judgment awarded in a court of competent jurisdiction against a State employee." N.C. Gen. Stat. Ann. § 143-300.6.

Macin's actions fell outside of their traditional prosecutorial duties. Nor does Plaintiff contend that Murray and Macin violated his rights while undertaking administrative or investigatory activities. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."); Kalina v. Fletcher, 522 U.S. 118, 126 (1997) (noting same). Rather, Plaintiff contends that Murray and Macin engaged in a malicious prosecution. (Doc. No. 1 at 6). Plaintiff's allegations against Murray and Macin are clearly aimed at their conduct as prosecutors. Therefore, Plaintiff's claims against Murray and Macin must be DISMISSED.

### 3. Claims Against Mimms

The law is clear that a defense attorney, whether privately retained, court-appointed, or a public defender, is not amenable to suit under § 1983 because defense counsel does not act under color of state law when performing the traditional functions of counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (noting the widely held understanding that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"). Plaintiff's claims against Mimms must be DISMISSED because Mimms did not act under color of state law when serving as Plaintiff's court-appointed defense counsel. 42 U.S.C. § 1983.

### 4. Claims Against Judge Miller

Judge Miller is a Mecklenburg County Superior Court Judge and state official. See S.C. Dep't. of Disabilities and Special Needs v. Hoover Universal, Inc., 535 F.3d 300, 303 (4th Cir. 2008). North Carolina's Constitution invests the judicial power of the state in a General Court of Justice. N.C. Const. art. IV, § 1. The General Court of Justice consists of an Appellate Division,

7

Case 3:11-cv-00538-RJC   Document 4   Filed 01/11/12   Page 7 of 9

a Superior Court Division, and a District Court Division. Id. at § 2. Judges of the Superior Court Division are publicly elected. Id. at § 9. Further, "[t]he operating expenses of the judicial department, other than compensation to process servers and other locally paid non-judicial officers, shall be paid from State funds." Id. at § 20; see also Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 261 (4th Cir. 2005) ("the most important consideration is whether the state treasury will be responsible for paying any judgment that might be awarded"). Judge Miller is a state official. Therefore, Plaintiff may not maintain a § 1983 suit against him in his official capacity.

Plaintiff does not appear to allege anything against Judge Miller is her individual capacity. Regardless, the Court addresses any possible individual capacity allegation pursuant to its duty to liberally construe pro se complaints. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Judges enjoy absolute immunity from individual liability for their judicial acts. Forrester v. White, 484 U.S. 219, 227–28 (1988); see also Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff states that Judge Miller falsely alleged that Plaintiff "made a petition and Affidavit under oath requesting counsel" and falsely alleged that "the court made the required inquiries as to [his] indigency." (Doc. No. 1 at 5). Thus, Plaintiff's allegations against Judge Miller are confined to her judicial acts and absolute immunity completely bars liability. Plaintiff's allegations against Judge Miller are DISMISSED.

     5.     Habeas Corpus

Moreover, to the extent that Plaintiff is seeking to have his criminal charges dismissed and to immediately be released from custody, he cannot proceed under § 1983. The law is well settled that claims that sound in habeas are not cognizable in civil rights proceedings. Preiser v. Rodriguez, 411 U.S. 475, 493-500 (1973) (any claim seeking immediate release or shortened

8

Case 3:11-cv-00538-RJC   Document 4   Filed 01/11/12   Page 8 of 9

sentence sounds in habeas corpus); <u>Leonard v. Hammond</u>, 804 F.2d 838, 840 (4th Cir. 1986) ("If a state prisoner, in his complaint, is attacking the validity of his confinement and seeking release, habeas corpus is the exclusive remedy."); <u>see also</u> <u>Hamlin v. Warren</u>, 664 F.2d 29, 31-32 (4th Cir. 1981) (observing that prisoners cannot subvert habeas corpus' exhaustion requirement by bringing civil rights actions for equitable relief to challenge the validity of their convictions). Consequently, Plaintiff's Complaint must be DISMISSED in its entirety.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice** for his failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Signed: January 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge